**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Adam Joseph HUBER, Defendant— Appellant.**

No. 02–50384.

D.C. No. CR–01–02883–JMF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2003.

Decided May 22, 2003.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Adam Joseph Huber appeals the district court's denial of his motion to suppress. He argues that his statements to the FBI should be suppressed because the FBI agents did not record his custodial interrogation electronically. We review de novo, *United States v. Okafor*, 285 F.3d 842, 845 (9th Cir.2002), and affirm.

■ Huber invites us, "under this Court's supervisory powers," to require the electronic recording of all custodial interrogations that occur in fixed detention facilities. Huber argues that the remedy for the failure to record such interrogations should be suppression, unless the government can prove by a preponderance of the evidence that electronic recording was not feasible under the circumstances. *United States v. Coades*, 549 F.2d 1303 (9th Cir.1977), precludes Huber's suggestion. In *Coades*, we affirmed that the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

testimony of an FBI agent was not subject to suppression. *Id.* at 1305 The agent testified that during a custodial interrogation the defendant had confessed to attempting a bank robbery. *Id.* The defendant argued that the agent's testimony should be suppressed on the ground that the FBI failed to record the interrogation "electronically or stenographically." *Id. Coades* rejected this argument, declining to exercise the supervisory power to suppress the testimony because "[t]he need for the rule suggested by appellant and the particular form such a rule should take are appropriate matters for consideration by Congress, not for a court exercising an appellate function." *Id.*

Huber argues that we are no longer bound by *Coades*, but we disagree. "Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court. [A] later three-judge panel ... has no choice but to apply the earlier-adopted rule." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir.2001).

■ Huber also argues that the Due Process Clause requires the electronic recording of custodial interrogations. Under *Dickerson v. United States*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000), statements made during custodial interrogations must be suppressed unless the defendant was properly advised of (and waived) his *Miranda* rights, and unless those statements were voluntary in light of the totality of the circumstances. *Id.* at 432–35, 444. Huber does not argue that he did not receive proper *Miranda* warnings before making his statements to the FBI, or that his waiver of his *Miranda* rights was faulty. He does not argue that his statements were involuntary, or that the failure of the FBI to record his statements should be considered among the totality of the circumstances taken into account by the voluntariness inquiry. Thus, nothing in *Dickerson* compels the suppression of Huber's statements.

Instead, Huber argues that electronic recordings will aid in the voluntariness inquiry, and that "for *Miranda* and *Dickerson* to have any teeth, an electronic recording must be made." But *Dickerson* forecloses this argument, noting that "cases in which a defendant can make a colorable argument that a self-incriminating statement was compelled despite the fact that the law enforcement authorities adhered to the dictates of *Miranda* are rare." *Dickerson,* 530 U.S. at 444 (internal quotations and citations omitted).

While Huber argues forcefully that it would be a wise policy to require the electronic recording of custodial interrogations, we find no legal basis for imposing such a requirement. The district court's denial of Huber's motion to suppress is therefore AFFIRMED.